# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1905V
Filed: June 21, 2023
UNPUBLISHED

| | |
|---|---|
| JEANNE MICHELLE FORREST, as special administrator of the estate of JOANN FORREST,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY,* for petitioner.
*Jennifer A. Shah, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

On December 8, 2017, Joann Forrest filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that her receipt of the influenza ("flu") vaccine on December 16, 2014, caused a shoulder injury related to vaccine administration ("SIRVA") in her right shoulder.  (ECF No. 1.)  On June 25, 2020, the current petitioner, Jeanne Michelle Forrest, was substituted as petitioner in her capacity as special administrator of the estate of Joann Forrest.  (ECF No. 58.)  An amended petition was subsequently filed on September 14, 2020, alternatively alleging that the flu vaccine caused a significant aggravation of a pre-existing right shoulder injury resulting from a prior flu vaccination on December 16, 2014.  (ECF No. 63, p. 2; ECF No. 85, p. 1.)

On February 15, 2023, I issued a ruling on entitlement, finding petitioner entitled to compensation for a significant aggravation of her pre-existing shoulder injury caused-

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

2

in-fact by her December 16, 2014, flu vaccination.  (ECF No. 89.)  On June 20, 2023, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $45,000.00. (ECF No. 95.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  (*Id.*)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $45,000.00 in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEANNE MICHELLE FORREST, as special administrator of the estate of JOANN FORREST,<br><br>                          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                          Respondent. | No. 17-1905V<br>Special Master Horner<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

On May 9, 2022, petitioner filed a motion for a ruling on the record ("Motion") arguing that she had established entitlement to compensation for significant aggravation of a shoulder injury by an influenza vaccination given December 16, 2014. ECF No. 85. Respondent filed his response to the Motion on June 22, 2022, recommending that entitlement to compensation be denied. ECF No. 87. Petitioner filed a reply to respondent's response on July 6, 2022. ECF No. 88. On February 15, 2023, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 89.

**I.**      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's February 15, 2023 entitlement decision.

$45,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $45,000.00, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*s/ Jennifer A. Shah*
Jennifer A. Shah
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 305-2181
Jennifer.shah@usdoj.gov

Dated: June 20, 2023

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.